**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RMJ, VENTURES, LLC** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | |
| **QUAKERTOWN BOROUGH, et al.**, | : | No. 25-cv-00947 |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM**

**J. Younge**                                                    **December 5, 2025**

**I.      INTRODUCTION**

Plaintiff RMJ Ventures, LLC ("Plaintiff") has filed this action against Defendants Quakertown Borough, David Erwin, Scott McElree, Donald E. Rosenberger, L. James Roberts, Jr., Michael Johnson, Douglas Propst, Dave Wilsey, Jonathan Sell, and Mae Wear (hereinafter collectively "Defendants"), claiming that Defendants unlawfully denied Plaintiff access to the Quakertown's sewer facility. Plaintiff brings forth claims grounded in 42 U.S.C. § 1983 for discriminatory conduct in violation of the Equal Protection Clause and denial of substantive due process rights afforded by the Fourteenth Amendment, and conspiracy. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, the Court grants Defendant's 12(b)(6) motion dismissing Plaintiff's Counts I and II without prejudice with leave to file an amended complaint within 20 days of this Order and dismisses Plaintiff's Count

III with prejudice as leave to amend would be futile. However, Defendant's 12(b)(7) claim is denied.

## II.    FACTUAL BACKGROUND

Plaintiff RMJ Ventures, LLC ("RMJ") alleges that it is the equitable owner and developer of Richland Walk[1] (the "Project"), a planned townhome development of 104 housing units in Richland, Pennsylvania. (ECF No. 1, Compl.). The location of the Project borders Quakertown, the municipality controlling the sewer facility in Quakertown, Pennsylvania. (*Id*.) The Bucks County Water and Sewer Authority ("BCWSA") manages wastewater in Richland. (*Id*.) Richland's wastewater is routed to Quakertown's wastewater treatment plant[2] ("Sewer Facility"). (*Id*.) Plaintiff alleges that its Project requires access to 105 equivalent dwelling units ("EDUs") of sewer capacity within Quakertown's control. (*Id*.) While the Project is in and approved by Richland, Plaintiff sought Defendants' approval to connect to its Sewer Facility to break ground on the Project. (*Id*.) Defendants, ultimately, blocked Plaintiff's efforts to connect to the Sewer Facility. (*Id*.)

The Sewer Facility suffers from an "organic overload"—an excess of organic material that the facility cannot process, i.e. food scraps, congealed fats, industrial byproducts, or human waste. (*Id*.) During these periods of overload, new connections to the Sewer Facility must be added to a connection management plan ("CMP"), subject to approval from the Pennsylvania Department of Environmental Protection ("DEP"). (*Id*.) Plaintiff further alleges that Quakertown has the sole responsibility of seeking such approval from DEP as the owner of the Sewer Facility. (*Id*.)

---

[1] Located at 680 East Pumping Station Road, Richland, Pennsylvania.
[2] Located at 650 Erie Road Quakertown, Pennsylvania.

In April of 2024, BCWSA submitted an updated CMP proposal to Defendants including the Project. (*Id*.) Plaintiff alleges that Defendants received the CMP but failed to submit it to the DEP or make a written request to allow the Project to connect to the Sewer Facility. (*Id*.) Plaintiff further alleges that its Project would likely be approved if steps are taken to address the organic overload. (*Id*.) For this reason, Plaintiff alleges, it made efforts to meet with Defendants to address the organic overload on multiple occasions but was met with strong resistance that resulted in Defendants kicking Plaintiff's representative out of the Sewer Facility and threatening to call the police for attempting to organize a meeting. (*Id*.) Plaintiff even argues that Defendants are allowing the organic overload to occur during certain months by refusing to enforce their own permits, ordinances, and the applicable regulations. (*Id*.) Plaintiff claims that Defendant has approved permits of various projects that far exceed the acceptable limits of waste. (*Id*.)

Plaintiff alleges that Defendants wrongfully denied the Plaintiff access to the Sewer Facility and treated it differently than similarly situated applicants. (*Id*.) Plaintiff claims that Defendants issued a permit to Simmons Food Inc. ("Simmons") to discharge industrial wastewater within the approved limit, however, sampling data between January 21, 2025 to February 4, 2025 shows that Simmons far exceeded these limitations, nearly four to six times over the limit. (*Id*.) Despite the organic overload, Defendants allowed Simmons' additional waste to be discharged into its Sewer Facility. (*Id*.)

Plaintiff also claims that Defendants wrongfully favored projects in Quakertown, while disfavoring projects in its neighboring Richland. (*Id*.) Plaintiff points to Quakertown development projects, namely Ribbon Factory Lofts, a sixty-seven apartment unit building, and 28 Front Street apartments, a nine-unit building. (*Id*.) Similarly, both buildings required sewer capacity from Defendants during a period of organic overload and the implementation of the CMP. (*Id*.) Ribbon

Factory Lofts were allowed to connect to the Sewer Facility without being added to the CMP or being approved by DEP. (*Id*.) According to Plaintiff, 28 Front Street was identified as a future project on the CMP but not approved by DEP to connect to the Sewer Facility. (*Id*.) Plaintiff identified, through a Right to Know Request, additional projects that were allowed to connect to the Sewer Facility despite the DEP approval process. (*Id*.) As such, Plaintiff argues that these examples evidence Defendants arbitrary and irrational approval process for similarly situated projects. (*Id*.)

Notwithstanding, Defendants argue that DEP approved the planning of projects that were included in the CMP, which did not include the Project. (ECF No. 6, Exhibit B, "Ex. B") Defendants further allege that any "future projects" were approved under the CMP if they were for small developments and any project requesting over fifty EDUs was not authorized by DEP. (*Id*.) Defendants argue that its decision to deny Plaintiff's request was not discriminatory, arbitrary or irrational because Plaintiff exceeded the fifty EDU benchmark authorized by the DEP. (*Id*.) To that end, Defendants move to dismiss Plaintiff's Complaint because Plaintiff fails to state a claim upon which relief can be granted, fails to join a necessary party, and to the extent applicable asserts a claim for qualified immunity. (*Id*.)

## III. LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'"

4

*Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

Federal Rule of Civil Procedure 12(b)(7) provides that a defendant can move to dismiss an action for "failure to join a party under Rule 19." Rule 19 governs whether certain absent parties are "required to be joined if feasible." Fed. R. Civ. P. 19(a). To determine whether an absent party is "required" under Rule 19, the court must engage in a two-part test. First, the court "must determine whether the absent [party] should be joined as 'necessary' under Rule 19(a)."[3] *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). Second, if the absent party is necessary and joinder is not feasible, the court must then determine whether the party is indispensable under Rule 19(b), which would mandate dismissal of the case. *See* Fed. R. Civ. P. 19(b). Joinder of a necessary party is not feasible if it would divest the court of subject matter jurisdiction. *Gen. Refractories Co.*, 500 F.3d at 319.

---

[3] Rule 19(a)(1) provides when a party is necessary, if:

> In that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impeded the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

## IV.    DISCUSSION

Plaintiff filed a Complaint against Defendants alleging constitutional violations of the Fourteenth Amendment and 42 U.S.C. § 1983, and civil conspiracy. (Compl.). Defendant moves this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and because Plaintiff has failed to join necessary parties. (ECF No. 6). Construing the Complaint in a light most favorable to Plaintiff as the nonmoving party, the Court dismisses Plaintiff's Counts I and II without prejudice and with leave to file an amended complaint within twenty days of the date of this Order.  The Court dismisses Count III with prejudice and without leave to file an amended complaint as the same would be futile.

**A. Section 1983 Claims**

Plaintiff's constitutional claims in Count I and II are not actionable against Defendants through 42 U.S.C. § 1983. Section 1983 states:

> Every person who, under color of any statute, [. . .] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). A plaintiff has a viable claim under this section if shown that the defendant, "through conduct sanctioned under the color of state law, deprived [the plaintiff] of a federal constitutional or statutory right." *Id*. A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 23 (3d Cir. 1997). This Court must determine whether Plaintiff has alleged the deprivation of a right that either the Constitution or federal law protects.

6

Plaintiff asserts that Defendants violated Plaintiff's rights and privileges under the Fourteenth Amendment of the United States Constitution. (ECF No. 1) Moreover, there is no dispute that Defendants at all relevant times acted under color of state law. (ECF No. 6) Plaintiff, however, has not alleged a deprivation of a right that is constitutionally or federally protected. Therefore, Counts I and II are dismissed without prejudice with leave to file an amended complaint within 20 days of this Order.

**Count I: Fourteenth Amendment Equal Protection Claim**

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a section 1983 equal protection claim, a plaintiff must allege that (1) he or she is a member of a protected class and (2) he or she received different treatment than that received by other similarly situated individuals. *Suber v. Guinta*, 902 F. Supp. 2d 591 (E.D. Pa. 2012) (citing *Keenan v. City of Philadelphia,* 983 F.2d 459, 465 (3d Cir.1992)). Plaintiff has not alleged in its Complaint that it is a member of a constitutionally protected class, nor has it identified the same.

To determine whether a party is similarly situated to another individual is a case-by-case fact inquiry. *Monaco v. American General Assurance Co.,* 359 F.3d 296, 305 (3d Cir.2004). Persons are similarly situated under the Equal Protection Clause when they are alike "in all relevant aspects." *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203 (3d Cir. 2008) (citing *Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992)). Being alike in all relevant aspects does not mean they must be identically situated. *Opsatnik v. Norfolk S. Corp.*, 335 F. App'x 220, 222 (3d Cir. 2009). Rather than showing specific instances where others have been

treated differently, a plaintiff must generally allege that they have been treated differently from others similarly situated.

Plaintiff argues that they have stated a viable constitutional claim by alleging that other similarly situated development projects are treated differently. (ECF No. 1) Here, Plaintiff seeks 105 equivalent dwelling units of sewer capacity from Defendants' Sewer Facility. (*Id.*) Plaintiff alleges that its project was not approved by Defendants even though they approved other projects similarly situated. (*Id.*) Plaintiff further alleges that these projects were approved notwithstanding the organic overload exceeding the prescribed acceptable limits. (*Id.*) Defendants however argue that Plaintiff is not similarly situated to the other projects that they approved because those projects were significantly smaller developments and were not "future projects" like Plaintiff. (ECF No. 6) Moreover, Defendants allege that any project requesting over fifty EDUs was not authorized by DEP. (*Id.*) Since Plaintiff's Project sought 105 EDUs, Defendants denied Plaintiff access to the Sewer Facility. (*Id.*)

In employing a rational basis standard, "where 'there are plausible reasons for [the legislative] action, [the court's] inquiry is at an end.'" *Hancock Industries v. Schaeffer*, 811 F.2d 225, 237 (3d Cir. 1987) (quoting *U.S. Railroad Retirement Board*, 449 U.S. 166, 179 (1980)). Presently, Plaintiff has failed to sufficiently allege that similarly situated individuals were treated differently. Therefore, Plaintiff's bald allegations that similarly situated projects sought EDUs from Defendants and were treated differently than Plaintiff's project are insufficient to satisfy the discriminatory treatment element of its' equal protection claim. Moreover, Plaintiff has failed to allege in its' Complaint that it is a member of a constitutionally or statutorily protected class. Therefore, Plaintiff's Count I is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice and with leave to file an amended complaint within 20 days of this Order.

8

**Count II: Fourteenth Amendment Substantive Due Process Claim**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. When a party alleges violation of its right to substantive due process under the Fourteenth Amendment, the Court must conduct two separate inquiries to determine whether the complained of conduct is a legislative act or non-legislative act. *American Express Travel Related Services. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012). "A legislative act will withstand substantive due process challenge if the government identifies a legitimate state interest that the legislature could rationally conclude was served by the statute." *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 139 (3d Cir. 2000) (*internal quotation marks omitted*). Plaintiff does not challenge a legislative act, so the Court turns to the non-legislative act inquiry.

The inquiry for a non-legislative act requires the Court to determine whether the property interest is protected by the Due Process Clause, and if so, was the "government['s] conduct so egregious that it 'shocks the conscience.'" *Id*. The Third Circuit has provided guidance that this Court must inquire whether the property interest in issue is fundamental under the United States Constitution. *Id*. at 140. If the property interest is fundamental, "then substantive due process protects against …arbitrary and irrational deprivation." *Id*. However, if the property interest is not fundamental, then a plaintiff's claim would fail "so long as the state satisfies the requirements of procedural due process." *Id*. at 142. The Third Circuit has consistently recognized land ownership as a property interest worthy of substantive due process protection. *Id*. at 141.

At the outset, Plaintiff has a constitutionally protected property interest. Since Plaintiff's property interest is fundamental, the Court must then assess whether Defendants actions were arbitrary, irrational or "shocks the conscience." This Court finds that Plaintiff has failed to

sufficiently allege a claim for deprivation of a fundamental right without due process by Defendants. The Third Circuit found that a defendant's conduct did not "shock the conscience" when a plaintiff alleged "that the township 'maligned and muzzled' them, applied standards not applied to similar properties, delayed permits and approvals, improperly increased tax assessments, and pursued unannounced and unnecessary enforcement actions in denying zoning requests." *Giuliani v. Springfield Twp.*, 726 F. App'x 118, 123 (3d Cir. 2018) (citing *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004)). Consequently, the Court finds that Plaintiff's substantive due process claim was insufficiently pled. Plaintiff should consider the foregoing if they choose to amend. Accordingly, Plaintiff's Count II is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice, with leave to file an amended complaint within 20 days of the date of this Order.

**B. Count III—Defendants' Coordinated Conspiracy Claim**

Plaintiff in Count III argues that Defendants conspired to deny Plaintiff of its constitutionally protected rights. "To state a claim for conspiracy, a plaintiff must allege that there was an agreement, understanding, or 'meeting of the minds' to violate [plaintiff's constitutional] rights." *Startzell*, 533 F.3d at 205. In order to prove a conspiracy in Pennsylvania, a plaintiff must show: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-988 (Pa. Super. 1997)). "To properly plead an unconstitutional conspiracy, a plaintiff must allege specific facts addressing the time the agreement was made, the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy." *Noble v. United*

*States*, 855 Fed.Appx. 816, 821 (3d Cir. 2021). At the dismissal stage, "plaintiffs typically rely on circumstantial inferences" rather than direct evidence. *See Capogrosso v. The Supreme Ct. of New Jersey*, 588 F.3d 180, 184-85 (3d Cir. 2009) (internal citations omitted). However, the standard for pleading a conspiracy requires more than the "mere incantation of the words 'conspiracy' or 'acted in concert.'" *Loftus v. SEPTA*, 843 F. Supp. 981, 987 (E.D. Pa. 1994). Allegations must be "sufficiently 'specific' or 'particular.'" *Id.* (quoting *Rose v. Bartle*, 871 F.2d 331, 367 (3d Cir. 1989)). Although Plaintiff referred to a coordinated effort by Defendants to allow significant pollution and favoring local projects over neighboring projects, its conclusory allegations are insufficient to suggest that a conspiratorial agreement existed between the Defendants.

Presently, Plaintiff fails to meet the standard of "specific" or "particular" allegations of conspiracy. Plaintiff merely speculates as to how Defendants acted in concert to impermissibly discriminate against projects outside of Quakertown. Plaintiff neither shows a larger scheme of discrimination nor how individual Defendants acted in furtherance of the conspiracy. Moreover, Plaintiff fails to allege the federally protected right that was violated for civil conspiracy to apply. Plaintiff does not allege specific instances of such coordinated action in furtherance of a scheme of discrimination. Plaintiff, however, alleges individual actions of some Defendants but falls short in showing how these individual actions were in furtherance of a larger conspiracy to discriminate against Plaintiff. Mere speculation that these actions were in concert is insufficient at the pleading stage.

Notwithstanding, Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine. The Third Circuit has held that "the intracorporate conspiracy doctrine applies to claims of federal civil rights conspiracy." *Shingara v. Skiles*, 274 F. App'x 164, 168 (3d Cir. 2008). Under the intracorporate conspiracy doctrine, an entity cannot conspire with one who acts as its agent.

11

*Gen. Refractories*, 337 F.3d at 313. "[T]he real party in interest in an official-capacity suit is the government agency, actions against state officials in their official capacity are treated as suits against the agency." *Geraghty v. East Bradford Township*, 584 F.Supp.3d 10, 17-18 (E.D. Pa. 2022). It is true that there exists an exception to the doctrine if the defendants are acting in a personal rather than an official capacity. *Heffernan v. Hunter*, 189 F.3d 405, 412 (3d Cir. 1999) (quoting *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972)). However, "the mere fact that [defendants] have 'mixed motives,' such as 'enhancing' their reputation by aggressive representation, does not remove their conduct from the scope of the agency." *Heffernan*, 189 F.3d at 413. The intracorporate conspiracy doctrine applies here.

Plaintiff's claim of conspiracy falls short because the Quakertown Borough cannot conspire with its individual council members when acting as an agent to determine which projects can connect to the Sewer Facility. Plaintiff has not alleged in its Complaint instances where individual Defendants acted outside the scope of its official capacity. Moreover, Plaintiff has failed to allege any evidence that reasonably implies the individual Defendants were acting in a personal capacity. The specific conduct Plaintiff alleges relate to individual official acts, albeit discretionary. Thus, the intracorporate conspiracy doctrine is applicable. Therefore, Count III of Plaintiff's Complaint is dismissed with prejudice as leave to amend would be futile.

Amendment to Count III would be futile. A court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879, 69 V.I. 1034 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing

that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile). Since Plaintiff's pleading cannot be cured with further amendment to Count III, this claim is dismissed with prejudice and without leave to amend. *See City of Cambridge Ret. Sys.*, 908 F.3d at 879, 69 V.I. 1034; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) (stating amendment should be granted unless it would be futile.).

**C. Qualified Immunity for Individual Defendants**

Turning to Defendants' qualified immunity argument raised in its 12(b)(6) motion. Qualified immunity protects government officials from liability for civil damages in lawsuits brought under Section 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In asserting a Section 1983 claim, "a plaintiff must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). To determine whether qualified immunity protects officials in a particular case, courts must consider: (1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the right was clearly established at the time of the violation. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).) Even so, the determination of whether Defendants are entitled to qualified immunity need not be discussed further at this stage in the litigation given the Court's finding regarding Counts I and II.

**D. Failure to Join an Indispensable Party**

Defendants also move to dismiss Plaintiff's Complaint under Rule 12(b)(7), arguing that Plaintiff failed to add DEP and BCWSA as defendants for the case to proceed. Rule 12(b)(7) provides that a defendant can move to dismiss an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 governs whether certain absent parties are "required to be joined if feasible." Fed. R. Civ. P. 19(a). Rule 19(a)(1) provides when a party is necessary:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). If a party is necessary under subsections (A) or (B), courts must then determine whether the party is feasible and indispensable. *Gen. Refractories Co.*, 500 F.3d at 312.

Defendants argue that Plaintiff must add DEP and BCWSA as defendants. In Defendants' view, DEP is indispensable to this case because the DEP solely approves any modifications to the CMP and complete relief cannot be realized without its joinder. (ECF No. 6) Similarly, Defendants argue that BCWSA is a necessary party since Plaintiff's Project is in Richland and BCWSA "administers the wastewater from Richland" not Quakertown. (*Id.*) For DEP and BCWSA to be a necessary party under Rule 19(a), "the court cannot accord complete relief among existing parties." Here, however, the DEP is not indispensable because it does not have a significant interest in this action and its regulatory authority will not be affected by the adjudication of this case. *See Kusher v. Woloschuk*, 123 A.3d 341, 346 (Pa. Cmwlth. 2015). Likewise, BCWSA is not a necessary party to this action because BCWSA does not have any authority over Defendants actions and based on the pleadings, approved Plaintiff's Project. (ECF No. 1) Moreover, neither party in their absence

has asserted any interest in this litigation. Thus, a dismissal pursuant to Fed. R. Civ. P. 12(b)(7) would be improper here. Therefore, Defendants motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) is denied.

## V.    CONCLUSION

In sum, Counts I and II are dismissed without prejudice, with leave to file an amended complaint withing 20 days of the date of this Order. Count III is dismissed with prejudice. Finally, Defendants' 12(b)(7) motion is denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J.**