**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RMJ, VENTURES, LLC** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 25- 00947 |
| | : | |
| **QUAKERTOWN BOROUGH, et al.,** | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM**

**J. Younge**                                                                           **June 24, 2026**

## I.    INTRODUCTION

Plaintiff RMJ Ventures, LLC ("Plaintiff") has filed this action against Defendants Quakertown Borough, David Erwin, Scott McElree, Donald E. Rosenberger, L. James Roberts, Jr., Michael Johnson, Douglas Propst, Dave Wilsey, Jonathan Sell, and Mae Wear (hereinafter collectively "Defendants"), claiming that Defendants unlawfully denied Plaintiff access to the Quakertown's sewer facility ("Sewer Facility"). The Court dismissed Plaintiff's Complaint grounded in 42 U.S.C. § 1983 for discriminatory conduct in violation of the Equal Protection Clause and denial of substantive due process rights afforded by the Fourteenth Amendment. (ECF No. 22.) Plaintiff having filed their Amended Complaint within the twenty days permitted by the Court's December 5, 2025 Order, brings forth the same claims seeking remedies under 42 U.S.C. § 1983 for violations of their equal protection and due process rights provided by the Fourteenth Amendment. (ECF No. 23.) Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 24.) The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R.

7.1(f). For the reasons set forth in this Memorandum, the Court grants Defendants' 12(b)(6) motion dismissing Plaintiff's Counts I and II with prejudice as leave to amend would be futile.

## II.    FACTUAL BACKGROUND

The Court has already summarized the factual background giving rise to Plaintiff's claims and assumes the reader's familiarity with them.[1] For purposes of this motion, however, Defendants' conduct in that history will be further explained. Plaintiff in its Amended Complaint alleges that Defendants received guidance from the Pennsylvania Department of Environmental Protection ("DEP") to identify projects to be removed from the Corrective Management Plan ("CMP") that would make available previously reserved equivalent dwelling units ("EDUs") for other projects. (ECF No. 23.) Plaintiff alleges that such changes would "satisfy a substantial portion of Plaintiff's sewer capacity needs." (*Id.*) Plaintiff further alleges that Defendants internally discussed reserving the newly available EDUs for "future use," but chose not to assign the available units to Plaintiff's "future use" project. (*Id.*) Defendants even refused to add Plaintiff's project to the CMP for future consideration. (*Id.*) In the CMP, Defendants identified 25 EDUs that were not assigned and elected to assign 23 of those EDUs to the construction of a car wash in Quakertown. (*Id.*) Because this project was not on the CMP, Plaintiff alleges that Defendants prevented other qualifying projects from being considered for the opportunity to acquire the newly available EDUs. (*Id.*) Even more, Defendants were able to make available additional EDUs from previously assigned projects. (*Id.*)

Defendants, however, refute Plaintiff's claims that their conduct violated any right alleged by Plaintiff. (ECF No. 24.) Defendants further argue that Plaintiff has failed to allege that they were the only project denied access to its Sewer Facility. (ECF No. 24.) Defendants contend that

---

[1] *See* ECF No. 21, The Court's 12/5/2025 Memorandum dismissing Plaintiff's Complaint.

Plaintiff's allegations are fatal to its own claims because Plaintiff acknowledges the organic overload has led DEP to impose limits on the number of connections to the Sewer Facility, DEP is the only authority to change the CMP, and Plaintiff's project exceeds any project identified on the CMP. (*Id.*) To that end, Defendants move to dismiss Plaintiff's Amended Complaint because Plaintiff fails to state a claim upon which relief can be granted. (*Id.*)

## III. LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

## IV.    DISCUSSION

This matter arises from the Court's dismissal of Plaintiff's Complaint alleging violations of federal constitutional and statutory rights against Defendants. (ECF No. 22.) Complying with the Court's December 5, 2025 Order, Plaintiff filed their Amended Complaint within twenty days

against Defendants alleging the same constitutional violations of the Fourteenth Amendment and seeking remedies under 42 U.S.C. § 1983. (ECF No. 23.) Subsequently, Defendants moved the Court to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 24.) Construing the Amended Complaint in a light most favorable to Plaintiff as the nonmoving party, the Court dismisses Plaintiff's Counts I and II with prejudice and without leave to file an amended complaint as the same would be futile.

**A. Section 1983 Claims**

Plaintiff's constitutional claims in Count I and II are not actionable against Defendants through 42 U.S.C. § 1983. Section 1983 states:

> Every person who, under color of any statute, [. . .] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). A plaintiff has a viable claim under this section if shown that the defendant, "through conduct sanctioned under the color of state law, deprived [the plaintiff] of a federal constitutional or statutory right." *Id*. A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 23 (3d Cir. 1997). This Court must determine whether Plaintiff has alleged the deprivation of a right that either the Constitution or federal law protects.

Plaintiff asserts that Defendants violated Plaintiff's rights and privileges under the Fourteenth Amendment of the United States Constitution. (ECF No. 23.) Moreover, there is no dispute that Defendants at all relevant times acted under color of state law. (ECF No. 24.) Plaintiff,

however, has not alleged facts to invoke the remedies for deprivations of its constitutionally protected rights. Therefore, Counts I and II are dismissed with prejudice and without leave to file an amended complaint.

**Count I: Fourteenth Amendment Equal Protection "Class of One" Claim**

Plaintiff claims that his rights under the Equal Protection clause were violated when Defendants selectively enforced its sewer regulations imposed by DEP. Plaintiff raises the "class of one" theory established by our Supreme Court in *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000) (per curium). This theory requires a plaintiff claiming a violation of the Equal Protection clause to allege that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiff's claim requires a plausible factual allegation that the Plaintiff is similarly situated to other comparable projects. *Olech,* 528 U.S. at 564. To be "similarly situated," the comparable parties must be "alike in all relevant aspects." *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008). "At the motion to dismiss stage, [the plaintiff] must allege facts sufficient to make plausible the existence of such similarly situated parties." *Perano v. Township of Tilden*, 423 Fed.Appx. 234, 238 (3d Cir. 2011) (citation omitted).

Plaintiff's claim must fail because it does not allege the existence of similarly situated projects permitted to connect to Defendants' Sewer Facility. Plaintiff alleges that after Defendants denied their request to connect 105 EDUs to the Sewer Facility, they allowed EDU connections of other projects, who are described as similarly situated to Plaintiff "in that they seek to connect to the Sewer Facility in the face of organic overload." According to Plaintiff then, all projects applying to connect to Defendants' Sewer Facility are similarly situated to Plaintiff, because, by

the very nature of seeking to connect in the face of organic overload, every project is the same. Suggesting parity between a massive request of 105 EDUs and much smaller projects already conceded by Plaintiff to be significantly smaller than their project is untenable. This is absurd and so the Court disagrees. Our Circuit requires some additional showing beyond Plaintiff's bald assertion that other comparable parties are of the same general category as Plaintiff and engaged in the same act of seeking approval to connect to the Sewer Facility. *See Rucci v. Cranberry Township., Pa.*, 130 F. App'x 572 (3d Cir. 2005). Here, because Plaintiff fails to sufficiently show that they were the only project denied approval to connect to the Sewer Facility in the face of organic overload, Plaintiff will not be considered a "class of one." Plaintiff further fails to set forth allegations that plausibly establish they were singularly omitted from the CMP or excluded from consideration. Moreover, the Third Circuit has reiterated that "the equal protection clause does not require the state to treat all persons alike." *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983).

Under the rational basis test, "challenged legislation will be upheld unless a plaintiff can demonstrate that the classification at issue does not bear a rational relationship to a legitimate [municipal] interest." *Id*. at 94 (citing *Matthews v. Lucas*, 427 U.S. 495, 510 (1976)). The Court cannot say that the interests articulated by Defendants in this case are not legitimate. Defendants have explained that, due to organic overload, DEP has restricted new connections to the Sewer Facility under a CMP. (ECF No. 24.) To prevent further environmental violations, Defendants were allowed to only assign a maximum of 25 EDUs to a given project. (ECF No. 24.) Whereas here, Plaintiff sought 105 EDUs for a residential project, which significantly dwarfs any project considered by Defendants. These are all legitimate municipal interests.

Therefore, Plaintiff cannot bring a class of one equal protection claim for selective enforcement of sewer regulations because they have failed to show they are similarly situated. Thus, Plaintiff's Count I is dismissed for failure to state a claim.

### Count II: Fourteenth Amendment Substantive Due Process Claim

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This Court has previously determined that Plaintiff's complained of conduct of Defendants are non-legislative acts. *See American Express Travel Related Services. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012). Here, because the Third Circuit has consistently recognized land ownership as a property interest worthy of substantive due process protection, Plaintiff has a constitutionally protected property interest. *Id*. at 141. That being said, Plaintiff must then show that its' fundamental property interest was violated by arbitrary or irrational actions of Defendants that "shock the conscience." *See County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *see also Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). Only "the most egregious official conduct can be said to "shock[] the conscience." *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004).

The alleged conduct of Defendants selectively enforcing its sewer regulations—allegations the Court is required to accept as true at this stage, fails to sufficiently state a substantive due process claim. Plaintiff contends that Defendants knowingly permit other parties to discharge waste into the Sewer Facility at levels that cause significant organic overload, and such practices have violated Plaintiff's use and development of its property interest. Plaintiff further alleges that the organic overload became a justification to deny its Project from connecting to Defendants' Sewer Facility, while Defendants permitted other projects. While such practices as alleged should

not occur, and to the extent that Plaintiff claims that Defendants' "scheme" was targeted and self-enriching, its Amended Complaint does not square with that contention. Rather than amend or cut its project down to an amenable size that comports with the constraints placed on Defendants by DEP, Plaintiff continues to submit the same project request in futility. Because Plaintiff fails to sufficiently establish at this stage Defendants' conduct was motivated by "corruption or self-dealing," the Court cannot find that Defendants' conduct "shocks the conscience." *Eichenlaub*, 385 F.3d at 286. In *Eichenlaub*, the Third Circuit found that the "township selectively enforced its zoning laws, pursu[ed] unannounced and unnecessary inspections, and improperly increase[ed] tax assessments" and this conduct still did not "shock the conscience." *DB Enter. Devs. & Builders, Inc. v. Micozzie*, 394 F. App'x 916, 919 (3d Cir. 2010) (citing *Id.*). It therefore follows that Plaintiff's allegations fall short of conduct that would be conscience-shocking. Accordingly, Plaintiff's Count II fails to allege such facts in its Amended Complaint to invoke the remedies for deprivations of its substantive due process rights and will be dismissed for failure to state a claim.

Amendment to Count I and II would be futile. Plaintiff has been given two opportunities to allege facts sufficient to overcome dismissal at this stage. Having failed to assert any new facts showing a plausible constitutional violation, granting leave to amend a third time would be an exercise in futility. A court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879, 69 V.I. 1034 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment

would be futile). Since Plaintiff's pleading cannot be cured with further amendment to Count I and II, this claim is dismissed with prejudice and without leave to amend. *See City of Cambridge Ret. Sys.*, 908 F.3d at 879, 69 V.I. 1034; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) (stating amendment should be granted unless it would be futile.).

## V.    CONCLUSION

In sum, Counts I and II are dismissed with prejudice.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J.**